DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Mary J. Burnsed and Dr. John A. Burnsed ("the Burnseds"), appeal from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that denied their motion to dismiss and granted visitation to appellee, Mary J. Hutchinson ("Hutchinson"). We affirm.
Hutchinson and her husband, the maternal grandparents, received custody of their grandson, Preston Burnsed (f.k.a. Preston Hutchinson), shortly after his birth following a guardianship action filed in the probate court in 1992. In 1993, the juvenile division designated Mary Burnsed, Preston's mother, as the residential parent following an action to establish paternity to which Hutchinson was not a party. In 1997, Hutchinson and her husband filed a complaint requesting child support for Preston from Mary Burnsed. Due to the conflicting, outstanding orders regarding the custody of Preston, the probate court terminated the Hutchinsons' guardianship and ordered Preston to remain in their care. In 1998, the juvenile court granted Mary Burnsed temporary custody of Preston and granted Hutchinson visitation. Later that year, the juvenile court designated Mary Burnsed as legal custodian and residential parent and, again, granted Hutchinson visitation. On May 22, 2000, Mary Burnsed's husband, Dr. John A. Burnsed, adopted Preston.
On May 25, 2000, Hutchinson filed a motion with the juvenile court requesting visitation with Preston, stating that there had been no compliance with the court's previous order. On June 16, 2000, the Burnseds filed a motion to dismiss. The trial court denied the Burnseds' motion to dismiss, granted Hutchinson visitation, and established a visitation schedule. The Burnseds timely appealed raising two assignments of error for review which we will address concurrently.
 First Assignment of Error The trial court erred, to the prejudice of [the Burnseds] when it granted summary judgment granting [Hutchinson's] complaint.
 Second Assignment of Error The trial court erred, to the prejudice of [the Burnseds], when it granted summary judgment dismissing their complaint.
In assignments of error one and two, the Burnseds argue that the trial court erred in granting summary judgment to Hutchinson. We disagree.
This Court notes that the assignments of error state that the trial court improperly granted summary judgment. However, in the body of the Burnseds' brief, they appear to be rearguing the facts of this case and do not address their assigned errors. After a thorough review of the trial court record, we find that neither party moved for summary judgment, nor did the trial court grant summary judgment to either party.[1]
Generally, appellate courts will not consider arguments that could have been, but were not, raised in the trial court. In re 730 Chickens
(1991), 75 Ohio App.3d 476, 488. The record clearly indicates that neither party moved the trial court for summary judgment, nor did the trial court address or rule upon a motion for summary judgment. Therefore, this Court will not consider the Burnseds' arguments relating to the issue, since it was not properly before the trial court to consider.
App.R. 12(A)(2) provides, in part, that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based [.]" In light of the lack of argument presented by the Burnseds, this Court will disregard both assignments of error presented for review. Accordingly, the Burnseds' two assignments of error are without merit.
The Burnseds' two assignments of error are overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J., CONCUR.
[1] Additionally, in their first assignment of error, the Burnseds move this Court to dismiss Dr. Burnsed as a party to the complaint, pursuant to Civ.R. 12(B)(7). This Court notes that the Ohio Rules of Civil Procedure do not apply to an appellate court in reviewing a judgment on appeal. Therefore, this Court is without jurisdiction to take the requested action.